IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02657-RTG
**(The above civil action number must appear on all future papers
  sent to the court in this action. Failure to include this number
  may result in a delay in the consideration of your claims.)**

YEFER RENIET CASTILLO DELGADO,

     Applicant,

v.

JUAN BALTAZAR, Warden,
ROBERT HAGAN, AFOWC,
TODD LYONS, WO1, and
ATTORNEY GENERAL,

     Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Yefer Reniet Castillo Delgado is an immigration detainee at the

Contract Detention Facility in Aurora, Colorado. Mr. Delgado initiated this action *pro se*

on June 15, 2026, by filing an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 1). He has paid the filing fee. (ECF No. 1).

The Court must construe the Application liberally because Mr. Delgado is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed

below, Mr. Delgado will be directed to file an amended Application.

## I.  The Application

The following factual information is contained in the Application and attachments thereto. Mr. Delgado is a Nicaraguan national who entered the United States without inspection in 2022. (ECF No. 1-3 at 3-4). He was arrested by Immigration and Customs Enforcement ("ICE") officers on or about February 13, 2026, and has been detained since that time. (*Id.*; ECF No. 1 at 3). On May 8, 2026, he "was given a final order of removal." (ECF No. 1 at 3). Mr. Delgado asserts the following claims in the Application:

Claims One and Two: His detention has become "unconstitutionally prolonged" and his deportation to Nicaragua is not significantly likely in the reasonably foreseeable future; therefore, his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment to the United States Constitution. (ECF No. 1 at 2).

Claims Three and Four: His detention under 8 U.S.C. § 1226(a) without a bond hearing violates the INA and the Fifth Amendment because he is not a flight risk or a danger to the community. (*Id.* at 3).

For relief, Mr. Delgado asks the Court to order his immediate release, and to enjoin Respondents from detaining him in the future unless he is provided notice and an opportunity to be heard on a reasonable fear claim under the Convention Against Torture. (ECF No. 1 at 6).

## II. Discussion

Habeas corpus relief is warranted only if Mr. Delgado "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the Court must construe the Application liberally, "the court cannot take on the

#

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Mr. Delgado must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. These rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The detention of noncitizens within the United States is governed by 8 U.S.C. § 1225, § 1226 and § 1231. Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal ("the pre-removal period").[1] *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). A noncitizen detained under § 1226(a), has the right to a hearing before an Immigration Judge to determine whether he or she should be released on bond during the removal process.

---

[1] Section 1225(b)(2) applies to an "applicant for admission," and requires mandatory detention. A majority of courts in this district have held that § 1225(b)(2) only applies to noncitizens "seeking admission" and inspected while trying to enter the country, and not to noncitizens who have lived in the United States for years. *See e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *but see e.g. Singh v. Baltazar,* No. 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026).

Once an order of removal becomes administratively final, however, the Attorney General's authority to detain a noncitizen is governed by 8 U.S.C. § 1231, which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "post-removal period." 8 U.S.C. § 1231(a)(1)(A). The statute permits the Attorney General to continue detention during the post-removal period if the noncitizen is inadmissible, criminal, or a threat to society or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Supreme Court has interpreted § 1231 as incorporating implied limits on the amount of time a noncitizen may be detained pending removal. *See Zadvydas v. Davis,* 533 U.S. 678, 689 (2001) (stating that § 1231 "read in light of the Constitution's demands . . . does not permit indefinite detention"). In *Zadvydas,* the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable." *Id.* at 689-89. The Supreme Court set forth a post-removal detention period of six months as "presumptively reasonable." *Id.* at 700-

7#

#

01. After the six-month period has elapsed, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Mr. Delgado alleges that he has been in immigration custody since February 13, 2026. He also alleges that a "final" order of removal was entered on May 8, 2026. To the extent Mr. Delgado challenges the legality of detention during a pre-removal period, that claims is now moot if a final order of removal has been entered. If a final order of removal entered on May 8, 2026, Mr. Delgado's current detention is authorized by § 1236(a), unless he alleges facts in an amended application to suggest otherwise. And Mr. Delgado's post-removal detention for approximately six weeks (since May 8, 2026) is "presumptively reasonable" under *Zadvydas* and does not trigger constitutional concerns. However, if Mr. Delgado is not subject to a final order of removal (because he has appealed the removal order to the Board of Immigration Appeals ("BIA") or the time for filing an appeal with the BIA has expired),[2] he may have a right to a hearing before an Immigration Judge, under 8 U.S.C. § 1226(a), to determine whether he should be released on bond during the removal process.

Mr. Delgado will be directed to file an amended habeas application in which he must clarify his removal status and clearly plead a cognizable federal claim based on that status. Mr. Delgado should not resubmit the attachments that he previously

---

[2] An attachment to the Application indicates that Mr. Delgado filed an appeal of a May 8, 2026 Order of an Immigration Judge with the BIA on or about May 18, 2026. (ECF No. 1-3 at 10-12). However, it is unclear if Mr. Delgado appealed the order of removal or some other immigration decision.

8

<u>submitted with his original Application</u>.

Accordingly, it is

ORDERED that Mr. Delgado shall file, **within thirty (30) days from the date of this order**, an amended habeas application that complies with the directives above. It is

FURTHER ORDERED that Mr. Delgado shall obtain and utilize (with the assistance of a case manager or the facility's legal assistant) the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, which is available at www.cod.uscourts.gov. Mr. Delgado shall notify the Court promptly if he is unable to access the necessary form. It is

FURTHER ORDERED that if Mr. Delgado fails to file an amended habeas application within the time allowed, the action may be dismissed without prejudice.

DATED June 16, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge

#